```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH COLLAZO,                  :    CIVIL ACTION
                                    :    NO. 21-5368
          Petitioner,               :
                                    :
     v.                             :
                                    :
MICHELLE OVERMYER, et al.           :
                                    :
          Respondents.              :
```

**O R D E R**

**AND NOW**, this **7th** day of **February, 2023**, upon consideration of the pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Petitioner Elizabeth Collazo (ECF No. 2), the Respondents' Response in Opposition (ECF No. 11), the available state record, and the Report and Recommendation of United States Magistrate Elizabeth T. Hey (ECF No. 15), it is hereby **ORDERED** that:

    1.    The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Under 28 U.S.C. § 636(b), a district court judge may refer an application for post-conviction relief to a magistrate judge for a report and recommendation, and thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). A de novo determination of the report is only required for "those portions of the report or specified proposed findings or recommendations to which objection is made." Id. In the absence of any objections, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also Fed R. Civ. P. 72, 1983 advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Thus, the Court reviews the submissions of the parties, the available state court record, and Magistrate Judge Hey's Report and Recommendation.
    Petitioner Elizabeth Collazo was charged with criminal homicide, burglary, and three counts of theft by unlawful taking

after she entered her estranged common-law husband's residence in the middle of the night and shot him to death. After an extended colloquy, Petitioner Elizabeth Collazo entered into a negotiated guilty plea to criminal homicide with waiver of appellate rights on December 31, 2012. The other charges against her were dropped. She was sentenced to a mandatory term of life imprisonment that same day. Petitioner timely sought relief under the Post-Conviction Relief Act (PCRA) on January 28, 2014, arguing that her counsel was ineffective for failing to properly inform her about the availability of Battered Woman Syndrome as a defense, and for failing to obtain an expert to testify about Battered Woman Syndrome. The PCRA court dismissed her petition on September 17, 2015, finding that Petitioner validly waived her right to appellate and collateral review; but, even if she did not, Petitioner's claim failed on the merits. Petitioner timely appealed, arguing that counsel was ineffective for failing to fully inform her of the waiver of appellate and collateral rights. The Superior Court of Pennsylvania affirmed the dismissal of Petitioner's PCRA petition on June 14, 2016, adopting the reasoning of the PCRA court. See Commonwealth v. Collazo, No. 2970 EDA 2015 (Pa. Super. June 14, 2016), aff'g No. CR-1202-2012 (Pa. Com. Pl. Sept 17, 2015).

Under 28 U.S.C. § 2244, Petitioner had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to apply for an application for a writ of habeas corpus. 28 U.S.C. 2241(d)(1)(A); see also Pa. Stat. & Cons. Stat. § 9545(b)(1) (2018) ("Any petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final . . ."). Petitioner's state-court proceedings became final thirty days after the entry of judgment on her PCRA appeal, as she did not petition the Pennsylvania Supreme Court or United States Supreme Court. Pa. R. App. P. 903(a); Gonzalez v. Thaler, 565 U.S. 134, 154 ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the times for seeking such review expires . . . .").

At the time that Petitioner filed her first PCRA petition (January 28, 2014), there were only two days remaining on the one-year statute of limitations under AEDPA. The statute of limitations for a federal habeas petition is tolled while properly filed state-court proceedings are pending. 28 U.S.C. § 2244(d)(2). Thus, Petitioner had two days from the time her PCRA petition became final on July 14, 2016--when her time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired--in which to file a petition for federal habeas relief. Petitioner filed this federal habeas corpus petition more than five years later, on December 6, 2021. Although Petitioner filed a second PCRA petition on January

2

---

29, 2021, the second PCRA petition was untimely and does nothing to reinvigorate the federal habeas corpus statute of limitations, as Petitioner did not present any new evidence or argue a newly recognized constitutional right should apply retroactively to her case, as outlined in 28 U.S.C. § 2244(d)(1)(B)-(D). See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418-19 (2005).

Despite the expiration of the statute of limitations, a petitioner may be able to maintain a federal habeas claim if she can demonstrate that statutory or equitable tolling applies, or, if she makes a colorable claim of actual innocence, as a "miscarriage of justice" exception to the one-year statute of limitations. Petitioner fails to show that any form of tolling, or an exception to the statute of limitations, applies.

First, statutory tolling is not available. A petitioner is only entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the time a "properly filed" application for state collateral review is pending. A petition for state collateral relief is "properly filed" when it adheres to all filing conditions, including time limits. Pace, 544 U.S. at 417. Although the statute of limitations on Petitioner's federal habeas claim was certainly tolled during the time her first PCRA petition was pending--that is, from January 28, 2014 to July 14, 2016--Petitioner was required to file a federal habeas petition on or by July 18, 2016, in order to preserve her claim. As Petitioner does not present new evidence or argue that a new rule of constitutional law applies retroactively to her case, she cannot avoid the default statute of limitations--one year from the date on which her state proceedings became final. See 28 U.S.C. § 2244(d)(1).

Second, equitable tolling is similarly unavailable to Petitioner. A petitioner is only eligible for equitable tolling where "[s]he has been pursuing h[er] rights diligently, and . . . some extraordinary circumstance stood in h[er] way." Pace, 544 U.S. at 418 (citing Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990)) (emphasis added). Equitable tolling is recognized sparingly, "when principles of equity would make the rigid application of a limitation period unfair . . . ." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013). Diligence requires "reasonable diligence in the circumstances," and "applies not only to a petitioner's filing for federal habeas relief, but it also extends to the steps that the petitioner takes to exhaust available state court remedies." Martin, 23 F.4th at 273. Ignorance of the law generally will not provide grounds for equitable tolling. Id. Extraordinary circumstances may be present "(1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the

    2.   The petition for a writ of habeas corpus is **DENIED AND DISMISSED with prejudice**;

---

wrong forum." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (quoting Getty Refining & Mktg. Co., 70 F.2d 748, 753 (3d Cir. 1983)). Additionally, equitable tolling may be appropriate when a petitioner has been misled by the court or otherwise not notified of their right to file suit, or, more generally, where "demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179). On the other hand, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

    Petitioner has not demonstrated that she has engaged in reasonable diligence in failing to file a federal habeas petition until 2021, approximately five years after her PCRA petition was denied and the one-year statute of limitations expired. Even if Petitioner could demonstrate reasonable diligence, she has not shown that "extraordinary circumstances" warrant equitable tolling of the one-year statute of limitations. Petitioner has not shown that any exceptional circumstances apply. Even if she spent some time seeking a psychological evaluation or counsel to assist with additional post-conviction proceedings, she has not demonstrated that this warrants equitable tolling--for five years.

    Third, Petitioner has not adequately pleaded actual innocence, which can support an exception to AEDPA's statute of limitations under limited circumstances. See McQuiggin v. Perkins, 569 U.S. 383, 399 (2013) ("To invoke the miscarriage of justice exception to AEDPA's statue of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Petitioner does not point to any newly discovered evidence that would show her innocence; she merely claims that counsel was ineffective for failing to adequately discuss the potential defense of Battered Woman Syndrome and the guilty plea with her. Thus, she does not meet the high bar of pleading required to support a claim of actual innocence. E.g.,

    Petitioner's claim is time-barred, and she has not demonstrated that statutory or equitable tolling, or an exception to the statute of limitations by way of actual innocence applies. Thus, her petition for a writ of habeas corpus must be dismissed.

3. A certificate of appealability **SHALL NOT** issue, in that Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

4. The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**